J-S27005-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA  :  IN THE SUPERIOR COURT OF
                                                                 :  PENNSYLVANIA

            v.  :

ALONZO WALLACE  :

            Appellant  :  No. 138 EDA 2024

Appeal from the PCRA Order Entered November 2, 2023
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0008101-2014

BEFORE:  LAZARUS, P.J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY LAZARUS, P.J.:  **FILED OCTOBER 17, 2024**

Alonzo Wallace appeals, *pro se*, from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  After careful review, we affirm.

This Court previously summarized the factual history of this case as follows:

> In early January 2014, [Wallace]'s co[-]conspirator, Kimberly Cook, encountered and befriended [R.M.], a pizza delivery driver. While exchanging phone numbers with [R.M.], Cook observed [U.S.] currency on the floor of [R.M.]'s vehicle.  Cook told her boyfriend, co-defendant Hakim Blatch, about [R.M.] and asked Blatch to rob [him].  Blatch agreed and arranged for [Wallace and co-defendant,] Quadir Jeffries, to aid in the robbery.  On January 18, 2014, Cook arranged to meet [R.M.] under the pretense of a sexual encounter.  Once in [R.M.]'s apartment, Cook allowed

_____

[*] Retired Senior Judge assigned to the Superior Court.

Blatch, Jeffries, and [Wallace] to enter the building. Blatch, Jeffries, and [Wallace] then attacked [R.M.], beat him, and stole a tin containing marijuana and cash. When [R.M.]'s neighbor heard the commotion and opened his door to see what was happening, [Wallace] shot at the neighbor through the door. The bullet struck [R.M.]'s neighbor in his left arm.

[R.M.], [R.M.]'s neighbor, and [Wallace's] cohorts identified [Wallace] as the shooter in the case, and police arrested [him] on June 11, 2014.

*Commonwealth v. Wallace*, 215 A.3d 659 (Pa. Super. 2019) (Table).

On December 10, 2015, following a jury trial, Wallace was convicted of two counts of aggravated assault[1] and one count each of burglary,[2] robbery,[3] conspiracy to commit robbery,[4] and carrying a firearm without a license.[5] Wallace was tried jointly with his co-defendants, Jeffries and Blatch. On February 17, 2016, the trial court sentenced Wallace to an aggregate term of 30 to 60 years' incarceration.

Wallace timely appealed and his appellate counsel filed a petition to withdraw and a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967) and *Commonwealth v. Santiago*, 978 A.2d 349 (Pa. 2009). On April 17, 2017, this Court affirmed Wallace's judgment of sentence and granted

_____

[1] 18 Pa.C.S.A. § 2702.

[2] *Id.* at § 3502.

[3] *Id.* at § 3701.

[4] *Id.* at § 903.

[5] *Id.* at § 6106.

counsel's petition. ***See Commonwealth v. Wallace***, 169 A.3d 1170 (Pa. Super. 2017) (Table). Wallace did not file a petition for allowance of appeal in the Pennsylvania Supreme Court.

On May 11, 2017, Wallace filed a timely *pro se* PCRA petition, his first. The PCRA court appointed counsel, who filed a ***Turner***/***Finley*** letter.[6] The PCRA court ultimately dismissed Wallace's first petition on March 9, 2018, and on March 20, 2019, this Court affirmed. ***See Commonwealth v. Wallace***, 215 A.3d 659 (Pa. Super. 2019) (Table).

On January 23, 2023, Wallace filed the instant *pro se* PCRA petition, his second. The Commonwealth filed a response on July 21, 2023, and, on September 15, 2023, the PCRA court issued notice pursuant to Pa.R.Crim.P. 907 of its intent to dismiss Wallace's petition without an evidentiary hearing. Wallace filed a timely response and, on November 2, 2023, the PCRA court dismissed Wallace's second PCRA petition as untimely. Wallace filed a timely *pro se* notice of appeal and a court-ordered Pa.R.A.P. 1925(b) concise statement of errors complained of on appeal. Wallace raises the following claims for our review:

> 1. Whether the PCRA court [] abused its discretion when concluding [Wallace's] well[-]pled second[ ]subsequent [PCRA] petition is untimely [by] failing to meet the exceptions as provided for in [] 42 Pa.C.S.[A.] § 9545[], thus[,] denying [Wallace] due process of law specifically [in] failing to provide [Wallace] with an evidentiary hearing [at] which to substantiate his claims.

---

[6] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (en banc).

2.    Whether the PCRA court erred as a matter of law when concluding [Wallace's] well[-]pled second[ ]subsequent [PCRA] petition is meritless [by] failing to meet the standard for review necessary to[ ]obtain relief[,] thus[,] denying [Wallace] due process of law specifically [by] failing to provide an[] evidentiary hearing [at] which to present and substantiate his claims.

Brief for Appellant, at iv.

Before addressing Wallace's issues on appeal, we must determine whether his PCRA petition was timely filed and, if not, whether he has satisfied an exception to the PCRA time bar. Any PCRA petition "shall be filed within a year of the date judgment becomes final." 42 Pa.C.S.A. § 9545(b)(1). A judgment of sentence becomes final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking review." *Id.* at § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional in nature, and a court may not address the merits of the issues raised if the PCRA petition was not timely filed. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1093 (Pa. 2010).

Instantly, Wallace's judgment of sentence became final, for purposes of the PCRA, on May 17, 2017, when the time expired for him to file a petition for allowance of appeal in our Supreme Court. *See* 42 Pa.C.S.A. 9545(1), (3). Thus, Wallace had until May 17, 2018, to file a timely PCRA petition. *See id.* Consequently, Wallace's instant petition, filed on January 23, 2023, is patently untimely.

However, Pennsylvania courts may consider an untimely petition if the petitioner can plead and prove one of the three exceptions set forth at 42 Pa.C.S.A. §§ 9545(b)(1)(i)-(iii). Those three exceptions are as follows:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

*Id.* Any petition invoking one of these exceptions "shall be filed within one year of the date the claim could have been presented." *Id.* at § 9545(b)(2).[7] "The PCRA petitioner bears the burden of proving the applicability of one of the exceptions." *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017).

---

[7] We observe that section 9545(b)(2) was amended on October 24, 2018, effective in 60 days (*i.e.*, December 24, 2018), extending the time for filing from 60 days of the date the claim could have been first presented, to one year. The amendment applies to claims arising on December 24, 2017, or thereafter. *See* Act 2018, Oct. 24, P.L. 894, N. 146, § 3. Instantly, the handwritten letter upon which Wallace bases his claims was dated October 2015 and as discussed *infra*, Wallace does not satisfy his due diligence requirements, nor does he explain what prevented him from discovering this letter prior to January 2023. In any event, whether Wallace's claim is subject to the 60-day or one-year time limit is of no moment as his instant PCRA petition was filed five years after his judgment of sentence became final, and he is unable to satisfy an exception to the time bar.

Here, Wallace purports to invoke the newly-discovered facts and governmental interference exceptions. *See* Brief for Appellant, at 8. Wallace argues that Donald Unger, a fellow inmate, was in possession of a handwritten letter, purportedly authored by Cook, in which Cook states "I pleaded guilty and they dropped some of my charges they also want me to testify against y[']all if y[']all don't take a deal I don't want to do that but they said if I do I will get time served." *See id.* at 11. Wallace contends that this evidence falls under the newly-discovered evidence time bar exception because he was not aware of the existence of this letter until Unger provided it to him. *See id.* at 8-12. Additionally, Wallace asserts that this letter satisfies the governmental interference exception because it demonstrates that the Commonwealth lied when it stated that there was no agreement with Cook in exchange for her guilty plea. *See id.* at 8-13. We disagree.

The newly-discovered facts exception to the PCRA time bar "renders a petition timely when the petitioner establishes that the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence." *Commonwealth v. Small*, 238 A.3d 1267, 1271 (Pa. 2020) (quotation marks and citation omitted). A PCRA court must first determine "whether the facts upon which the claim is predicated were unknown to the petitioner[.]" *Id.* at 1282 (quotation marks omitted). "The focus of the exception is on [the] newly[-]discovered facts, not on a newly[-]discovered or newly[-]willing source for previously known facts." *Commonwealth v. Burton*, 158 A.3d 618, 629 (Pa. 2017) (internal

- 6 -

citations and quotation marks omitted).  In other words, the fact that a petitioner has "discovered yet another conduit" for a claim previously presented "does not transform his latest source into evidence falling within the ambit of section 9545(b)(1)(ii)." ***Commonwealth v. Maxwell***, 232 A.3d 739, 745 (Pa. Super. 2020) (en banc) (quotation marks and citation omitted). If the PCRA court concludes that the facts were unknown, then the PCRA court must next examine whether "the facts could have been ascertained by the exercise of due diligence, including an assessment of the petitioner's access to public records." ***Small***, 238 A.3d at 1282.  Further, "[d]ue diligence demands that the petitioner take reasonable steps to protect his own interests.  A petitioner must explain why he could not have obtained the new facts earlier with the exercise of due diligence.  This rule is strictly enforced." ***Commonwealth v. Monaco***, 996 A.2d 1076, 1080 (Pa. Super. 2010) (citations omitted).

In order to satisfy the governmental interference time bar exception, "the petitioner must plead and prove the failure to previously raise the claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence." ***Commonwealth v. Abu-Jamal***, 941 A.2d 1263, 1268 (Pa. 2008) (citation omitted).

The PCRA court addressed the untimeliness of Wallace's PCRA petition as follows:

[Wallace] does not qualify for either the newly[-]discovered facts or governmental interference exception[] because he did not submit a witness certification from Cook or proffer any other evidence to authenticate the letter. To be eligible for the newly[-]discovered fact exception, defendant needs to proffer something that would constitute admissible evidence. [*See*] ***Commonwealth v. Brown***, 141 A.3d 491, 501 (Pa. Super. 2016) (affidavit setting forth inadmissible hearsay does not fall within [] newly[-]discovered facts exception). A mere allegation that suggests evidence might exist is insufficient to establish a newly[-]discovered fact. ***See Commonwealth v. Reeves***, 296 A.3d 1228, 1232-33 (Pa. Super. 2023) (newspaper articles are insufficient to establish [] newly[-]discovered fact exception because such articles merely allege that evidence may exist). . . . As our Superior Court has stated, "[t]he proposed new evidence must be 'producible and admissible.'" ***Commonwealth v. Griffin***, 137 A.3d 605, 608 (Pa. Super. 2016). . . . Similarly, to be eligible for the governmental interference exception, [a] defendant must offer evidence that proves that the Commonwealth unlawfully interfered with his ability to present his claim in a timely fashion. ***See Commonwealth v. Towles***, 300 A.3d 400, 415 (Pa. 2023).

Here, the unauthenticated letter presented by [Wallace] does not constitute evidence that would give rise to either the newly[-]discovered fact or governmental interference exception to the PCRA's time bar. ***See Brown***, [***supra***]; ***Towles***, [***supra***]. Although [Wallace] did offer an affidavit signed by Unger, in which Unger avers that he found the letter among his own documents, those averments, if proven, **do not establish that the letter was actually written by Cook**, or otherwise prove the veracity of the letter's contents. ***See*** Defense Exhibit B to Second Petition. Accordingly, [Wallace]'s [s]econd [p]etition is untimely.

PCRA Court Opinion, 2/9/24, at 6-7 (some citations omitted, emphasis in original).

After review, we agree with the PCRA court's determinations and conclude that Wallace's PCRA petition is untimely and that no exception to the PCRA time bar applies. ***See id.*** Moreover, we observe that Wallace cannot

demonstrate that he acted with due diligence because he does not explain what prevented him from discovering sooner the information contained in the handwritten letter. ***See Monaco***, ***supra***; ***Abu-Jamal***, ***supra***. Consequently, we do not address the merits of Wallace's claim and we affirm the PCRA court's order.[8] ***See Albrecht***, ***supra***.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/17/2024

---

[8] Furthermore, Wallace's co-defendant, Jeffries, raised an identical claim in his most recent PCRA petition. ***See Commonwealth v. Jeffries***, 2024 WL 1952679 (Pa. Super. 2024) (unpublished memorandum decision); ***see also*** Pa.R.A.P. 126(b) (non-precedential decisions of this Court filed after May 1, 2019, may be cited for their persuasive value). There, due to the tortured procedural history, this Court concluded that Jeffries' claims regarding this letter were timely filed and addressed the merits of Jeffries' claim. ***See Jeffries***, ***supra***. In particular, this Court noted that Cook, if she was indeed the author, attempted to convey this "time served deal[] in order to preserve her relationship with . . . Blatch[.]" ***Id.***